993-15

COURT OF CRIMINAL
APPEALS
OF TEXAS

ORIGINAL

---

James Butler

v.

THE STATE OF TEXAS

Cause No.

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 05 2015

Abel Acosta, Clerk

Texas and the Court of Appeals
for the
___Seventh___ District of
Texas
PETITION FOR DISCRETIONARY
REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

OCT 06 2015

Abel Acosta, Clerk

James Butler No. 1993732

Pro-Se

No. 07-15-00020-CR

IN THE
COURT OF CRIMINAL
APPEALS
OF TEXAS

James Butler

V.

The STATE OF TEXAS

Petition in Cause No. 2009-424,522
From the
364th District Court of

Lubbock County, Texas and

the COURT OF Appeals for the
Seventh District of Texas at Amarillo

Supreme Judicial District of Texas

_____

i

# PETITION FOR DISCRETIONARY REVIEW

## TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:

James Butler, petitions the Court to review the Judgment affirming his conviction for Possession of 4-200 grams of a controlled substance (crack cocaine -- penalty group I) with intent to deliver in cause No. 2000-424,522.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant request oral argument for a fair review on the United States constitutional violated.

## STATEMENT OF CASE

Appellant (Butler) was charged by indictment for possession of 4-200 grams of a controlled substance (crack-cocaine penalty group I) with intent to deliver. He was convicted by Jury on November 19, 2014 and sentened to sixty-five (65) years in the penitentiary. The conviction was affirmed by the Court of Appeals for the Seventh District on July 7, 2015

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals rendered its decision affirming petitioner conviction on July 7, 2015. No motion for rehearing was filed by petitioner and the decision of the court of appeals became its finale ruling on July 7, 2015. This petition was then file with the clerk of the court of appeal within sixty (60) days after such final ruling, to wit on October 5, 2015.

ii

# TABLE OF CONTENTS

Page

Index of Authorities ............................................. iii

Statement Regarding Oral Argument ....... ii
Statement of Case ..................................................... ii
Statement of Procedural History ....................... ii
Ground for Review ................................................... 8
Reason for Review ...................................................
Prayer for Relief ..................................................... 1 / 13

# INDEX OF AUTHORITIES

Adkin's v. State 675 S.W.2d 604 (Tex. APP.- El Paso 1984).          7

Barraza v. State 900 S.W.2d 840 (APP. 13 Dist 1995).          6,10

Bernard v. State 807 S.W.2d 359 (APP. 14 Dist 1991)          12

Bodin v. State 782 S.W.2d 258 (Tex. APP- Houston 14 Dist 1989).          9
canDon v. State 134 S.W.3d 854 (Tex. APP. Amarillo 2004).          6
Carrillo v. State 98 S.W.3d 789 (Tex. APP Amarillo 2003).          8
Davila v. State 169 S.W.3d 732 (Tex. App Austin 2005).          7,11
Davis v. State 165 S.W.3d 393 (Tex App.- forth worth 2005).          7
Harris v. State 184 S.W.3d 801 (Tex. App. forth-worth 2006)          9,11
Imo v. State 816 S.W.2d 474 (Tex. APP. Texarkana 1991).          6
Moreno v State 415 S.W.3d 284 (Tex. Crim. APP. 2013)          9
Sadler v. State 905 S.W.2d 21 (Tex. APP- Houston 1st Dist 1995).          8
Salazar v. State 866 S.W.2d 241 (Tex. APP- Amarillo 1991).          8
Serrano v. State 123 S.W.3d 53 (Tex App Austin 2003).          7

## CONSTITUTIONS
Forth and fourteenth Amendment of United States constitution          1,5
Article 1 section 9 of Texas constitution          1,5

## STATUTES AND Rules
Federal Rules of CRIMINAL Procedure Rule 41(b)          12

( The clerk's Record will be cited as "CR" followed by the page number and Reporter's Record will be cited as "RR" followed by the volume and page number.)

iii

# GROUND FOR REVIEW

The court of appeals erred in Holding that trial court properly refused to grant the petitioner's motion to suppress do to the illegal search and seizure at 215 East 36th Street.

Point of error 1. The search warrant that was issued for the residence 215 East 36th Street was defective under the probable cause requirements of the united states and texas constitution. The affidavit did not state when the actual transaction took place and it is impossible to determine from contents of the affidavit was the purchase controlled.

Point of error 2. The affidavit is not sufficient under the totality of the circumstance to establish probable cause for a search warrant the tip the affiant-officer received was not asserted to be credible or reliable and without facts to support the assertion the information he received is inadequate. (CR pp. 106-08)

Point of error 3. The information that is in the affidavit is false the statments the affiant made was only to establish probable cause for the issuance of a search warrant.

In the appellants affidavit the affiant averred that while working in an undercover capacity affiant has received information that cocaine base was being trafficked, and possessed at 215 East 36th Street.

The affidavit was filed on August 5 2009 the officers testimony reveals he did not have probable cause he never heard of the location before the signing of the affidavit. (chaves testimony)

RR IX 62.
Q. Okay. As matter of fact the first time you heared about 215 East 36th Street is a few days later when you make your affidavit?
A. Thats correct.
Q. And Just to be clear you all had never heard of James Butler or 215 East 36th Street prior to that date: is that correct?
A. Thats correct.

The court of appeals affirmed appellants conviction base on the alleged controlled purchase that occurred at a different location than 215 East 36th Street. The affiant fail to mention in his affidavit for a search about an undercover buy that occurred at 1510 East Cornell targeting chico torres.

RR IX 62.
Q. Okay, now Just let me ask you this: was the plan for the controlled purchase from chico torres or was it for chico at that address on cornell?
A. Cornell.

1

The officer's testimony reveals that the purchase of cocaine was for chico torres at 1510 East Cornell this provides substantial evidence that the search warrant affidavit for the residence 215 East 36th Street was insufficient to establish probable cause.

The court of appeals erred in reviewing the record, the officer-chavez mislead the magistrate he did not assert that the subject chico torres observed appellant in possession of narcotics.

The affiant's statements in affidavit was in order to gain entry to the location, Chavez stated that he arranged a controlled purchase with a subject who he has made a controlled purchase with on a previous occasion. (CR p. 107)

The subject chico was his target he had never used this subject before, and when order by trial court to produce the report of that one previous purchase to corroborate his probable cause affidavit he could not produce the report. The facts are as follow:

Q. Okay. Do you have a report from where you had ever purchase drugs from chico torres prior to the date of the search warrant. August 5 that's what you got in your affidavit. are you certain you purchase drugs from chico before that?

A. Yes.

Q. Okay. Is there a report if you purchase from chico Torres at least one time before yourself Just Michael Chavez, there would be a report on that?

A. There would be, But like I explained it, it could be with the informant also.

Q. Leave the informant alone.

A. Okay

Q. Michael Chavez individually, there would be a report?

A. That's correct.

Q. Is that report in front of us today or does that report exist?

A. If there was a report youd have it.

Q. If there was a report of you purchasing from chico Torres individually Just yourself, I would it?

A. That's correct.

The court of appeals erred in affirming appellants conviction do to officer michael chavez statements in search warrant affidavit about an alleged controlled purchase to establish probable cause for the issuance of a search warrant for 215 East 36th Street.

The affiant stated he went to chico torres house to get chico to take him to his dealer, but his testimony reveals what kind of respect he has for procedure.

A. I went over there with the intent to get chico to take me to his dealer.

Q. why is that not mentioned anywhere in your report or the affidavit for search warrant?

A. I didn't think that was an important part for this.

2

The court of appeals erred in affirming appellants conviction in light of illegally obtained evidence admitted at trial the officer never conducted a investigation or surveillance on the residence. The affidavit was silent as to any short duration visits which would consist of drug trafficking, the officer was not aware of anything about the address.

RR VIII 66.

Q. Were you aware of that address on 36th Street prior to that Transaction?

A. No I was not.

Point of error 4. There was no way the magistrate could tell if the information in the affidavit was stale or not it had no time statements or a actual date. The officer left the date out of the affidavit but asserted it in his report. and the affiant testified that he wrote two different statements in the affidavit and the report.

RR VIII 59.

Q. What is that?

A. August the 3rd here. I have what we call - we explained earlier and undercover buy walk operation report.

RR IX.62

Q. Okay. But in your affidavit for search warrant you referred to it as a controlled purchase for cocaine base: is that correct?

A. Thats correct.

Point of error 5. The purchase in the affidavit was not an controlled purchase the Officer testified as an undercover buy walk the officer did not have control over the subject, the subject was not searched at any time prior to the the purchase which is required in controlled buy situations.

RR VIII 166.

Q. All right. Now in a controlled buy or a controlled purchase through and informant you wire the informant?

A. Thats correct.

Q. Thats correct. And you search them to make sure they dont have any money other than what you give them is that correct?

A. Thats correct.

Q. And you search them to make sure they have no narcotics on their person: is that correct?

A. Thats correct.

The court of appeals erred in it's analysis in regards to the controlled purchase that is stated in appellants affidavit for search warrant.

The affidavit is silent as to if the affiant searched the subject to be sure if the subject had narcotics on his person.

Q. Okay. In this case, chico was not searched: is that correct?
A. That's correct.
Q. Okay. So in fact, you don't know if chico had crack cocaine on him prior to the purchase or not do you?
A. No. I don't.

The affiant never testified that the subject chico torres was an unknowing participant the state added that statement. The court of appeals erred in affirming appellants conviction do to the alleged controlled purchase that is stated in the affidavit there was no unlawful incident that occurred at 215 East 36th street.

Q. Okay. Now where did mr torres actually give you the dope that was the basis of the search warrant?
A. Back on Cornell.
Q. Back on Cornell. In other words, there was no transaction between Mr torres and you there at the 36th street location?
A. NO.

The appellant has provided the court of criminal appeals substantial evidence that the testimony of the officer that excuted warrant told the truth, about the events in the affidavit did not have probable cause for the issuance of a search warrant for the residence located at 215 east 36th street.

The officer has admitted that the purchase of narcotics was for 1510 east Cornell targeting chico torres.

Q. Okay. And the reason I ask that, in your search warrant it says nothing about using and unwitting or unknown participant to go purchase drugs from a third party-Your affidavit says you were going to buy dope from chico torres: is that correct?
A. That's correct.

The trial testimony from affiant-chavez is under oath it proves that the court of appeals erred in affirming appellants conviction based on the controlled purchase that was not properly orchestrated.

The affidavit go on to state that affiant provided subject U.S. Currency for the purchase of cocaine base from a subject with the alias "Cat" inside the listed location.

4

The affiant did not have any indication who was in the location at the time of the alleged transaction.

RR IX 63.   Q. Okay so there's no indication of who Mr. Torres may have or may not have purchase dope from in that location?
A. Inside the location?
Q. Yes.
A. No.
Q. All right And I don't see anything in your affidavit or in your report where Chico says he purchase cocaine from James Butler, choko wilson, Takiyus Butler anybody in that house He never did say specifically who he bought it from: is that correct?
A. Thats correct.

In the totality of the circumstances analysis: the affidavit is insufficient to establish probable cause the court of criminal appeals have consistantly reversed case similar to appellants if not just like it and a failure to reverse this case will be a fundamental miscarriage of justice.

The appellant understant that when he challenges the validity of search warrant and when state introduces facially valid search warrant the burden of proof is on appellant to go forward with evidence to show invalidity of warrant.

The appellant proved beyond a reasonable doubt that the search warrant affidavit was defective under the probable cause requirement of the United States Constitution as well as the texas constitution article 1 section 9.

The officer's actions and statements is a result of simple negligence and the issuing magistrate wholly abandon her judicial role and instead of serving in a neutral and detached manner became merely a rubber stamp for the police.

The court of appeals did not examine the entire record they based there decision off certain statements in the affidavit instead of applying the totality of the circumstances test which is used by there sister courts.

The appellant argy's that the court would examine the record for the truth and make a fair and right decision.

5

# REASON FOR REVIEW

The affidavit that was issued for 215 East 36th street was insufficient to establish probable cause the court of appeals fail to adopt the totality of the circumstances test that other court of appeals and the court of criminal appeals has used to determine if probable cause exist in a search warrant affidavit. Barraza v. State. 900 S.W.2d 840 (App. 13 Dist 1995).

The court of appeals in appellants case fail to apply the same analysis as other courts of appeals specifically states the veracity and basis of knowledge of person supplying the hearsay information used by affiant in support of search warrant are relevant consideration in the magistrate totality of the circumstances analysis. Cardona v. State. 134 S.W.3d 854 (Tex. App. Amarillo 2004).

In the appellant's case that is before the court the affidavit did not provide veracity and basis of knowledge, there was no basis for crediting the hearsay in the affiants tip. there was no corroboration of facts to provide indicia of reliability regarding the tip. Davis v. State. 165 S.W.3d 393.

The court of criminal appeals look at the totality of the circumstances regarding information contained in the affidavit,

The court of appeals decision conflict with the court of criminal appeals in regards to the probable cause requirements of the Texas constitution. The court of criminal appeals held that the affidavit in Imo v. State. did not state when actual sale occurred and it was impossible to determine from contents of affidavit when any individual possessed cocaine at the residence. The court held that the affidavit was defective although affidavit clearly stated that undercover police officer gave information to affiant regarding undercover officer purchase of cocaine at residence named in affidavit within 24 hours prior to affiants signing affidavit. Imo v. State 816 S.W.2d 474 (Tex. App Texarkana 1991). Serrano v. State 123 S.W.3d 53

In appellant's case affidavit did not state when the controlled purchase took place as the same in Imo v. State, the Texas court of criminal appeals has repeatedly held that and affidavit which does not demonstrate when the unlawful incident took place is insufficient to support issuance of a search warrant. Imo v. State 816 S.W.2d 474 (Tex. App Texarkana 1991).

In appellants case the affiant stated that he received information that cocaine base was being trafficked and possessed at 215 East 36th Street. The serrano court held that the affidavit was insufficient to support the issuance of a search warrant, as noted the tip gave no time as the occurrance of the criminal activity set out in the affidavit. serrano v. State 123. s.w. 3d 53

The court of appeals decision in appellants case also conflict with the probable cause analysis in the Davila v. State at 739. When the court stated that the affidavit did not state whether the informer had actually seen the alleged contraband or was merely repeating hearsay information. The affidavit fail to say when the informer got the information or when the officer received the tip the court also held that because the affidavit did not say when the tip was received there was no point of reference that contraband was being possessed at that location. State v. Davila. 169 s.w. 3d 732

The appellant's reason for review is supported by the court of criminal appeals in Davis v. State at 402 when it held that even if the facts provided to officers by informants taken as a whole would be sufficient to establish probable cause, the affidavit still must contain information that would allow the magistrate independently to determine the credibility, reliability, or basis of knowledge of the sources of those facts. Davis v. State 165 s.w. 3d 393

In appellants affidavit for search warrant it stated within the past 72 hours the affiant arranged a controlled purchase for cocaine base with a subject who the affiant has made a controlled purchase with on a previous occasion. (CRp 107)

The affidavit fail to state that the subject the affiant has used to conduct a controlled purchase with on an previous occasion was reliable or if that previous occasion led to narcotics seizure. In Adkins the Elpaso court of appeals held an affidavit insufficient because it did not indicate whether the source of the tip was direct observation or reliable hearsay it did not indicate a basis for the informants reliability such as past performance and did not explain the nexus between the original tip and the officers corroboration details. Adkins v. State 675 s.w. 2d 604. 607 (Tex. App Elpaso 1984). rev'd.

The court of appeals decision conflict with the court of appeals in the Carrillo v. State when establishing the difference between a controlled "buy" purchase and a undercover buy. The court of appeals held when the appellant in the Carrillo case,

when he conceded as much at the hearing on his motion to suppress in his brief, and in a motion to reconsider the suppression motion when he stated the subject was not working as a police informant thus she was not searched at anytime during the transaction the court of appeals held that was true and cases involving controlled buys was not applicable in the carrillo case.

The court of appeals stated that if the subject was a confidential informant, and knew Hook was a police officer, she might have been motivated to mislead Hook, as to the source of the cocaine to absolve herself of liability of to get appellant in trouble for some unknown reason.

The court of appeals specifically states that this potential to mislead police is the basis for the prophylatic measure taken in controlled buy situation. Carrillo v. State 98 S.W.3d 789 (Tex. App. Amarillo 2003).

The subject in appellants case was not searched at anytime during the transaction the officer did not have control over the subject or the situation

The court of appeals in carrillo stated in cases in which probable cause is based on information provided by anonymous informants and in "controlled buys" where police use citizen as an active participant in criminal investigation courts necessarily treat the informants information with a degree of suspicion.

In sadler v. State the court of appeals held that the controlled buy was sufficient to establish probable cause because the officer searched the informant before sending him into suspected premises for controlled buy. Sadler v State 905 S.W.2d 21 (Tex App-Houston[1st Dist] 1995).

In appellants case thats before the court there are no statements in affidavit about any personal observation from the tip or the subject chico torres.

The court of appeals in Salazar v. State held an affidavit was sufficient in a "controlled buy" under the circumstances set out in the affidavit there was evidence of reliability of the informants information to justify a magisterial conclusion that probable cause for issuance of a search warrant was shown. The courts held that conclusion is strengthened by the statement that the informant saw a usable amount of marijuana in the resident in appellants possession. Salazar v. State 806 S.W.2d 291 (Tex. App-Amarillo 1991).

The question in appellants case is whether the officer executing the warrant could have harbored an objectively reasonable belief in the existence of probable cause to search the home. The affiant had no physical evidence of the alleged controlled purchase you would think that the officer would have reported the illegal sale of narcotics as soon as possible after the occurrence not as much as report was made within that last 72 hours the information would not have been stale.

In Harris v State the court of appeals held that the controlled buy of cocaine allegedly conducted by confidential informant was not sufficient by itself to corroborate informants statement that he made controlled buy in certain apartment for the purpose of determining whether there was probable cause supporting issuance of a search warrant for apartment officer admitted he did not actually see the informant enter the apartment in question; that he searched only the informants pockets and that the informant could have had drugs concealed elsewhere on his body Harris v. State 184 S.W.3d 801 at 804. All controlled buys are with confidential informant and they are required to be searched prior to the transaction and after to be sure they have no money or narcotics on there person. Bodin v. State 782 S.W. 2d 258 (Tex. App. Houston 14 Dist 1989).

The court of appeals used moreno v state to affirm appellants conviction they stated it was similar to appellants case, but the court of appeals alludes the statement "Controlled purchase". In moreno the police surveillance team observed the CI make contact with the unknowing participant. This individual told the CI that he would go to appellants house to pick up the crack cocaine. Police observed the individual go to Appellants house, enter, and exit a few minutes later. The unknowing participant then drove straight to the predesignated location and delivered the crack cocaine to the CI. Moreno v State 415 S.W. 3d 284 (Tex. Crim. App. 2013).

The moreno case that was used to affirm appellants conviction, it is different but shows how the use of an unknowing participant is done in a controlled purchase situation.

This case conflicts with appellants case in the moreno case a CI is used to go purchase narcotic from a third party and the police target was moreno, so they knew the destination where the controlled purchase was to take place.

In appellant's case the subject advised the affiant that they had to go pick the narcotics up at a different location which Establish that 215 East 36th Street was not the location that was being targeted.

9

The court of appeals Judgement in regards to the contents that is stated in the appellants's search warrant affidavit there review and decision went outside of the four corners of the document.

In particular, the court of appeals alleges the following outside the four corners information in there probable cause analysis.

That Officer Chavez-affiant was undercover and arranged a controlled purchase for himself from a unidentified person but in his testimony and in his report the subject was identified as the target and name was stated.

The affiant-Chavez never stated in the affidavit that he was making an undercover purchase of cocaine using an unknowing participant to go purchase from a third party.

The Barraza court stated a court must apply the totality of the circumstances standard in testing sufficiency of affidavit in support of search warrant. this application only goes to the circumstances included in the affidavit. The information adduced later which was not before the magistrate at the time he or she considered the affidavit and issued the warrant cannot be considered by reviewing court Barraza v. State 900 S.W. 2d 840.

The court erred in reviewing the affidavit under the totality of the circumstances standard that has been used by other courts of appeals and court of criminal appeals.

In Moreno v. State, the confidential informant was searched prior to meeting the unknowing participant in the controlled purchase.

The appellants case is an controlled purchase that is not controlled like the moreno case the court held that the affidavit in appellants case mentions no confidential informant But, the other relevant circumstances here and in moreno are surprisingly similar.

In moreno the observation of the purchase and the reliable tip from the clovis New Mexico police department established probable cause for the issuance of search warrant for moreno's residence.

The court of appeals decided important question of state and federal law in conflict with applicable decision of Court of criminal appeals and the Justices of the court of appeals disagreed upon material question of law necessary to courts decision. In Harris v state the court held the controlled buy alone was not enough to establish probable cause the court stated that the evidence wasn't enough it is a well-established tenet of constitutional law that the information from the unnamed informant alone will not establish probable cause. The tenet applies equally to the unnamed tipster. As our sister Court in Austin has noted in evaluating whether anonymously provided information suffices to support a finding of probable cause. The informer veracity, reliability and basis of information are still "highly relevant factors (The anonymously provided information must contain some indicia of reliability before it can be used to justify a search). More-over the Court held that mere corroboration of details that are easily obtainable at the time the information is provided will not support a finding of probable cause. In addition wholly conclusory statement in affidavit will not suffice because there is nothing to explain why he should be considered reliable and trust worthy. Harris v state 184 S.W.3d 801 (Tex. app. forth worth 2006).

Appellant's affidavit did not mention nothing about the subject's reliability the affiant-officer did state that he used him before, was he credible was he trust worthy the affidavit is silent to that.

To summarize appellant's affidavit the magistrate in this case was ask to issue a search warrant on the basis of 1.) a conclusory statement by an source of unknown credibility that cocaine base was being trafficked and possessed at 315 East 36th Street at some unstated time 2. The affiant unsupported assertion that a narcotics transaction occurred frequently at the residence and with all due deference to the probable cause determination. the totality of facts stated in the affidavit did not give the magistrate substantial basis for concluding that a search of the house would would uncover evidence of wrong doing. Davila v State, 169 S.W. 3d 735

The probable cause affidavit was defective within its contents the facts are as follows:

## AFFIDAVIT FOR SEARCH WARRANT

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

1. There is in Lubbock county, Texas, A suspected place and Person described and Located as follows:
(The person is not described in this section)

CR p. 106-107

The residence is described as a single family structure with brown wood siding, white trim and brown shingle roof. The residence has a white inner front door that faces east. The front door is enclosed by a white storm door. The residence also has a white rear door that faces west. The numbers "215" are in black lettering on the south wall near the south east corner. The south east window has attached an evaporative cooler. The residence can further be described as being the second residence west of Cedar Ave.

2. There is at said suspected place and premises property concealed and kept in violation of the laws of the state of Texas and described as follows: Cocaine, Cocaine base and any other controlled substances, packaging materials, scales, money, and any other contraband and/or items consistent with or indicative of trafficking of controlled substances and the containers which may contain them, any written or electronic devices that may contain records of illicit narcotics trafficking.

3. Said suspected place and premises are in charge of and controlled by each of the following:

A subject that is known by the alias "Cat"
(No description just an alias).

4. It is the belief of the affiant, and he hereby charges and accuses that: Above described person or persons intentionally and knowingly keep, conceal, possess and traffic cocaine base, which is in violation of the laws of the state of Texas.

(paragraph four states above described person or persons But theres no one described in the affidavit, which it specifically says to describe, so there no way to establish who possesse cocaine at the residence.)

Search warrant warrant for residence does not have to name person in charge of premises only where warrant is issued to search for and seize person for whose arrest probable cause is stated is person required to be name. FED. Rules. Crim. Proc. Rule 41 (b).

In Bernard v. State, the court held that it is not necessary to include the name of the offender in a search warrant if his name is unknown it is sufficient to describe him. and if his identity is also unknown it is sufficient to aver that the premises are in control of parties unknown to the affiant. Bernard v State 807 S.W 2d 359. (App. 14 Dist 1991).

The search warrant affidavit that is before the court is not sufficient to establish probable cause there are to many gaps to be filled with guesses there are no dates, no time statements no description, no evidence, no testimony from anyone but the affiant who testimony prove he did not have probable cause for the search warrant for 215 East 36th street.

12

# CONCLUSION

The court has repeatedly overturned convictions which do not pass the totality of the circumstances test the alleged events in the affidavit was not a controlled purchase. There is distinct difference between a undercover buy and a control buy all it takes is a reasonable reading of all controlled buys cases in the appellants petition. The affiant's testimony at trial about the event reveals the truth about the events described in the affidavit. There were no witnesses to this allege controlled purchase there's no statements made no reports of this unlawful incident nothing to corroborate the officer's statement that is in the affidavit there is nothing but a affidavit with no evidence. The officer did not have probable cause for the issuance of a search warrant from trial testimony, the search warrant should have been suppressed.

## PRAYER

I ask this Court to reverse and remand this case to the trial court with instructions that the affidavit did not provide probable assurance that contraband or evidence of criminal activity would be present in the home and that the Motion to suppress should have been granted.

Respectfully submitted.

13



## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-15-00020-CR

JAMES BUTLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2009-424,522, Honorable Bradley S. Underwood, Presiding

July 7, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

James Butler was convicted of and sentenced to sixty-five years in prison for possessing crack cocaine with intent to deliver. He now challenges the conviction by attacking the trial court's denial of his motion to suppress evidence found during the execution of a search warrant. According to appellant, the affidavit in support of the warrant was insufficient to establish probable cause to support a search. That is, he believes the allegations contained in the affidavit were insufficient to create a

reasonable probability that contraband would be found at the location to be searched when the warrant issued. We affirm.

*Background*

Officer Michael Chavez with the Narcotics Division of the Lubbock Police Department executed an affidavit to obtain a warrant permitting the search of 215 E. 36th. In his affidavit, he averred that, within the past 72 hours, he had arranged a controlled purchase of cocaine for himself as an undercover officer from an unidentified person from whom he had made a prior controlled purchase. The affidavit further revealed that the officer met the unidentified person at a prearranged location and was informed that they would have to go to another location to acquire the drug. They then drove to 215 E. 36th Street. Further alleged in the affidavit was the following:

> Affiant provided subject U.S. currency for the purchase of cocaine base from a subject with the alias "Cat" inside the listed location. Affiant observed subject enter the residence. Subject exited residence after approximately three minutes, which is consistent with narcotics trafficking. Subject entered back into affiant's vehicle and advised he/she had to weigh the cocaine base. Subject showed affiant a large piece of uncut suspected cocaine base. Subject advised that he/she had made a purchase of cocaine base for himself/herself and the affiant. Affiant then drove subject back to the prearranged location. Subject did cut a piece of the suspected cocaine base at this location and provide it to affiant. The suspected cocaine base was tested using a field kit. The suspected cocaine base did test positive for cocaine. Affiant has on many occasions observed cocaine, cocaine base, and other narcotics. Affiant is able to recognize controlled substances to include crack cocaine. Affiant has on many occasions conducted undercover narcotics purchases to include crack cocaine.

*Authority*

When assessing the sufficiency of an affidavit to support issuance of a search warrant, we apply a highly deferential standard to the magistrate's determination.

2

*Moreno v. State*, 415 S.W.3d 284, 287 (Tex. Crim. App. 2013). Our duty "'is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed' based on the four corners of the affidavit and reasonable inferences therefrom." *Id.*, quoting *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The probable cause to which we refer is nothing more than the existence of a fair probability that contraband will be found in a particular place at the time the warrant is issued. *State v. Castro*, No. 07-13-00146-CV, 2014 Tex. App. LEXIS 10620, at *9 (Tex. App.— Amarillo, September 23, 2014, no pet.) (not designated for publication). This means that we are not dealing with "'. . . hard certainties, but with probabilities.'" *Moreno v. State*, 415 S.W.3d at 288, quoting *Illinois v. Gates*, *supra*. And, in searching the four corners of the affidavit to find that fair probability, we do not concern ourselves with whether other facts could have, or even should have, been alleged; instead, our focus lies upon the combined logical force of the facts recited in, not omitted from, the affidavit. *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007).

*Application*

In *Moreno v. State*, the affidavit contained facts illustrating that 1) a police officer engaged a confidential informant to buy cocaine, 2) the officer searched the informant and determined he carried no drugs, 3) the officer observed the informant approach a third party to buy the drugs, 4) the third party indicated that he would have to go to another residence to get the drugs, 5) the officer observed the third party go to the other residence, enter it, and exit it, 6) the third party returned to the confidential informant and provided the latter with drugs, 7) the third party was not seen going to another locale before releasing the drugs to the informant, 8) the officer, who recognized

3

cocaine, acquired the substance from the informant and field tested it, 9) the substance tested positive for cocaine, 10) the confidential informant, who himself could recognize cocaine, had provided reliable information to the police in the past, and 11) the facts recited in the affidavit occurred within 72 hours of the affidavit's execution. According to our Court of Criminal Appeals in *Moreno*, ". . . the police observations of the controlled purchase and the reasonable inferences therefrom were sufficient to support a finding of probable cause." *Moreno v. State*, 415 S.W.3d at 288. The court further held that it "was reasonable for the magistrate [issuing the warrant] to infer that the . . . [third party] obtained the crack cocaine from Appellant's residence." *Id.* This is instructional at bar.

The affidavit before us mentions no confidential informant. But, the other relevant circumstances here and in *Moreno* are surprisingly similar. We have an officer/affiant witnessing that of which he spoke. We have an officer/affiant approaching someone to buy cocaine. The officer/affiant previously had acquired drugs from this prospective seller. The latter indicated that he had to acquire the substance at another location. The officer/affiant journeyed to the other location with the prospective seller in a vehicle. The officer/affiant watched the prospective seller enter the abode, exit the abode within minutes, and return to the vehicle. Upon his return to the vehicle, the prospective seller presented the officer/affiant with what the officer suspected was a "large" amount of "cocaine base." The officer/affiant was able to recognize "cocaine base." The prospective seller cut the substance and gave a portion of it to the officer/affiant. And, the officer/affiant field tested it, and the substance tested positive for cocaine. As in *Moreno*, the affiant's observations of the purchase and the

4

reasonable inferences therefrom were sufficient to enable the magistrate issuing the warrant to reasonably infer that cocaine was obtained from the house to be searched.

Given that the officer/affiant had previously bought drugs from the prospective seller, the seller wanted cocaine for himself, the seller went to and obviously knew of a particular location at which he could buy cocaine, and the seller exited the location with a "large" quantum of the drugs sufficient to divide with the officer/affiant, the magistrate issuing the warrant also had basis to reasonably infer that the abode from which the drugs were acquired was one from which cocaine was periodically sold. This, in turn, rendered it likely that drugs could be found at the location to be searched at the time the warrant issued.

We finally note that appellant alludes to a plethora of circumstances to attack the reasonable inferences in which the magistrate could have indulged. Yet, those circumstances do not appear within the affidavit. So, we cannot consider them. Again, our review is restricted to the four corners of the affidavit.

Accordingly, we affirm the trial court's denial of the motion to suppress.

Brian Quinn
Chief Justice

Do not publish.

5